HARNISCHFEGER SALES CORPORATION, Plaintiff, *v.* WILLIAM B. SPELLMAN, Defendant.

Supreme Court, Franklin County, July 10, 1936.

*J. M. O'Hara* and *Moore & Herron*, for the plaintiff.

*Arthur W. Handly*, for the defendant.

LAWRENCE, J. This action is in replevin. The issues here involve the interpretation of the Uniform Conditional Sales Act (Pers. Prop. Law, § 60 *et seq.*) as applied to the peculiar facts existing in the case. The chattel involved is a P. & H. Model 300A excavator with equipment. It was sold by the plaintiff to the Stamford Road Construction Company, a corporation existing under the laws of Connecticut. The plaintiff is a Delaware corporation with main office at Milwaukee, Wis. About September 1, 1929, a representative of the plaintiff and the president of the construction company had a conference regarding the sale of an excavator, and a written order for a 400 model excavator was given to the plaintiff. No delivery could be made under this order and a further conference was had, and thereafter and about September 19, 1929, this model 300A excavator was shipped to the construction company from Bridgeport, Conn., to Cranberry Lake, N. Y., and apparently unloaded at Brandy Brook. No order was given for that machine. That machine apparently remained in the possession of the construction company without further formality and was used by them, to some extent, until the forepart of May, 1930. In the meantime the 400 model excavator was shipped to the construction company, so that at that time both machines were in the same vicinity.

A representative of the plaintiff visited the place where the machinery was early in May, 1930, and apparently arrangements were made for the sale of this 300A model to the construction company. No forms for conditional sales were available and the transaction — contract— for this sale was not completed until June 3, 1930, at New Haven, Conn. This contract provided, among other things, that the place where the machine was first to be kept for use was " Cranberry Lake road job." It further provided, among other things, that the machine should not be removed from St. Lawrence county without the written permission of the vendor. After the execution of the contract, and on June 3, 1930, it was forwarded to Milwaukee, Wis., for the approval of the vendor. It was so approved under date of June 16, 1930, and was filed in the town clerk's office of the town of Clifton, St. Lawrence county, on June 24, 1930. At the time of the arrangements for the sale in May, as well as at the time of the execution of the contract on June third and its approval on June sixteenth and its filing on June twenty-fourth, the machine was in a gravel pit. This gravel pit is located in the town of Colton. The machine remained at this pit until August 30, 1931, when it was moved to Canton, St. Lawrence county. No notice was given to the vendor of such removal. The contract provision was that it should not be moved from the county without the written permission of the vendor. The contract was never filed in the town of Colton or in the town of Canton. I, therefore, determine that filing it in the town of Clifton was not a proper filing under the law (§ 66) because it was not filed in the town where it was first kept for use by the vendee after the sale. Plaintiff says it was to be used a couple of days at Brandy Brook. It was not kept there for use. It was kept in the gravel pit, and if we assume it was to be used a couple of days at Brandy Brook, that would not seem to be material as the construction company had the right to use it anywhere in the county without permission.

The representative of the plaintiff says that by the terms of the contract the construction company was in default in making payments; that he had demanded payment. He further says that the representative of the construction company had stated to him in November, 1931, that he had no money and that the plaintiff could come and take the machine. The representative of the construction company does not corroborate this statement and the plaintiff did not take or repossess the property. Under those circumstances, I do not see how any advantage could be obtained because of such demand.

On January 5, 1932, judgment was rendered against the construction company in favor of the Newark Banking Company for

$6,031.17. Execution was issued on this judgment on January 6, 1932, and this shovel was levied upon by the sheriff under this execution on that same day. This levy was subject to an attachment against the construction company under which the sheriff attached this excavator on January 6, 1932, just prior to the levy under the execution. The excavator at that time was in the town of Canton, where it had been since August, 1931. The property was advertised for sale under the execution, such sale to be held on February 4, 1932. Apparently during the last few days of January, 1932, the plaintiff here was informed of the proposed sale and a representative appeared in Canton about February 1, 1932, to look after plaintiff's interests. He apparently interviewed the sheriff and advised him of the plaintiff's claim. He also interviewed Judge Hale and talked with him regarding the levy which had been made and regarding searches made in various towns to ascertain the existence of liens.

I find that on January 6, 1932, at the time the attachment was levied and at the time the levy was made under the execution, no information was possessed by the sheriff or by Mr. Hale, the attorney for the banking company, that the plaintiff had any claim against the property. The fact that they received such information at or prior to the sale on February fourth, by notice read at the sale, would not seem to be very material as the sheriff had attached the property and made a levy on it under the execution of January 6, 1932. A lien had thereby been acquired on the property without notice of the claim of the plaintiff. The excavator was sold at auction by the sheriff on February 4, 1932, and was struck off to the defendant here for $500. This sale was subject to the attachment above mentioned, which was in favor of one Scozzafava. That attachment covered the equity of the construction company in the excavator and it would seem that there was a prior attachment in favor of Canton village against the construction company, the nature of which does not clearly appear. After the sale under the execution, the machine remained in the possession of the sheriff under the attachment and on February 13, 1932, it was again sold by the sheriff under this attachment. It was struck off to the defendant for somewhat over $500, and the defendant took possession of it.

This replevin action was commenced about March 1, 1932. The defendant gave a bond and retained possession of the machine. Various repairs were made upon it to permit its use and it has been used by the defendant since that time.

I find that the defendant acquired a lien upon the property by the attachment and levy of January 6, 1932, without notice of

the claim of the plaintiff, and that the sales thereunder vested the defendant with the title and right of possession of the machine.

The defendant is in possession of the property and has been at all times since the last sale. As prevailing party, he claims no damages except his costs. Under those circumstances, I do not understand that it is necessary to determine values.

I have marked findings proposed by the attorneys. Defendant is entitled to judgment dismissing the complaint, with costs.